58

## POWELL v. SANFORD.
### No. 10484.

Circuit Court of Appeals, Fifth Circuit.

June 1, 1943.

Joe T. Powell, in pro per.

Harvey H. Tisinger, Asst. U. S. Atty., of Atlanta, Ga., for appellee.

Before HUTCHESON and WALLER, Circuit Judges, and COX, District Judge.

WALLER, Circuit Judge.

This appeal is from a judgment discharging a writ of habeas corpus and remanding appellant to the custody of the warden of the Atlanta pentientiary. The question for decision is whether the judgment and sentence under which his commitment was issued was void by reason of the denial to appellant of (1) counsel for his defense, (2) trial by jury, or (3) other constitutional rights.

The facts found by the Court below are in accord with the overwhelming weight of the evidence and must be considered to be true. These facts show that appellant and his three co-defendants were duly advised by the trial Court of their right to counsel, and that a competent attorney was appointed to assist in their defense. This attorney consulted with his clients at length, advised them of their rights, and entered in their behalf a plea of not guilty. The case thereupon was set for trial on the earliest available date on the calendar of the Court. The appointed attorney then advised the Court that he would be in other courts on other business on the day fixed for trial, and the Judge excused him from further duties as attorney for the defendants, assuring appellant that he would appoint another competent attorney to represent him in ample time to prepare the case for trial.

On the following day appellant sought an audience with the Court, at which time he withdrew his plea of not guilty and entered a plea of guilty. At the same time he filed pleas of nolo contendere in behalf of two of his co-defendants, made a full statement of his case to the Court, and asked the mercy of the Court in behalf of his co-defendants. Before the respective pleas of the defendants were accepted by the Court, the employed counsel of one defendant was consulted by long-distance telephone, and the Court was advised by appellant that he did not want an attorney. Moreover, it appears that appellant's actions were in strict accord with the advice given him by his appointed counsel, in the event of his decision to plead guilty, after consultation on the previous day.

The sentence imposed upon the appellant was quite light for the offenses committed, and, perhaps in response to appellant's plea in their behalf, his co-defendants were accorded unusual leniency. Indeed, on the following day appellant wrote a letter to the trial Judge, thanking him for the kind consideration showed to each of the defendants and announcing his gratitude therefor.

These facts being established, it is manifest that appellant made an intelligent waiver of his right to have counsel for his defense,[1] and, having entered a plea of guilty, was in no sense unlawfully deprived of a jury trial. The record affirmatively shows that the appellant enjoyed

---

[1] Johnson v. Zerbst, 304 U.S. 458, 58 S. Ct. 1019, 82 L.Ed. 1461; Patton v. United States, 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854, 70 A.L.R. 263.

every constitutional or statutory right afforded to an accused in the courts of this country, and the judgment appealed from is affirmed.